UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAMS ADVANCED MATERIALS, INC.,

                       Plaintiff,

v.

TARGET TECHNOLOGY COMPANY, LLC,

                       Defendant and
                       Third-Party Plaintiff,

**DECISION AND ORDER GRANTING MOTIONS FOR A MORE DEFINITE STATEMENT (DKT ## 137, 138) AND TRANSFER OF VENUE (DKT ## 147, 150)**

v.

CINRAM INTERNATIONAL, INC.,
individually and as successor in interest to
Warner Advanced Media Operations and
WEA Manufacturing, CDI MEDIA, INC.,
DELUXE MEDIA SERVICES, INC.,
EVATONE, INC., HIGH SPEED VIDEO,
INC., INTERNATIONAL DISC
MANUFACTURING, INC., JVC DISC
AMERICA COMPANY, LIGHTNING
MEDIA, NATIONAL FILM LABORATORIES
d/b/a CREST NATIONAL OPTICAL STORAGE
MEDIA, REPLITECH, INC., SYMCON,
TAPEMATIC USA, and TAKASAKI CORP.
OF AMERICA,

03-CV-00276A(M)

                       Third-Party Defendants.
_____

        This action was referred to me by Hon. Richard J. Arcara pursuant to 28 U.S.C. §636(b)(1)(A) and (B) for, *inter alia*, "hearing and disposition of all non-dispositive motions" (Dkt. #156). Before me are the motions of third-party defendant Cinram International, Inc. ("Cinram") and the "Williams parties"[1] for a more definite statement pursuant to Fed.R.Civ.P.

---

      [1] Consisting of plaintiff Williams Advanced Materials, Inc. and its customers, third-party defendants Deluxe Media Services, Inc., Evatone, Inc., High Speed Video, Inc., International Disc

12(e), (Dkt. ##137 and 138) and for transfer of venue of this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. §1404(a) (Dkt. ##147 and 150).[2] Oral argument was held on March 29, 2007. For the following reasons, the motions are GRANTED.

**BACKGROUND**

Defendant and third-party plaintiff Target Technology Company, LLC ("Target") claims ownership of ten U.S. patents[3] which are directed to the use of a variety of metal alloys for the semi-reflective or reflective layers of optical storage medial such as DVDs. The alleged inventor of those patents is Mr. Han Nee, who is Target's founder and president.

Plaintiff Williams Advanced Materials, Inc. ("Williams") commenced this action in 2003, seeking, among other forms of relief, a declaration of non-infringement and invalidity of the '889, '811, '402 and '616 patents. Target counterclaimed for infringement of those patents. In September 2003, Williams moved for a preliminary injunction, seeking to enjoin Target from suing its customers (Dkt. #32). Following a hearing, that motion was denied by this Court on

---

Manufacturer, Inc., JVC Disc America Company, National Film Laboratories d/b/a Crest National Optical Storage Media, Replitech, Inc., Symcon, Tapematic USA, and Takasaki Corp. of America (collectively, the "Williams parties"). Third-party defendants Lightning Media, Inc. and CDI Media, Inc. were stipulated out of the action (Dkt. ##140, 154).

    [2]    Both motions are non-dispositive. See Lynch v. McDonough, 2005 WL 1561454, at * 1, n. 1 (W.D.N.Y. 2005) (motion for more definite statement); O'Brien v. Gold Star Technologies, Inc., 812 F. Supp. 383 (W.D.N.Y. 1993) (motion for transfer of venue).

    [3]    Nos. 6,007,889 (the "'889 patent"); 6,280,811 (the "'811 patent"); 6,451,402 (the "'402 patent"); 6,554,616 (the "'616 patent"); 6,764,735 (the "'735 patent"); 6,790,503 (the "'503 patent"); 6,841,219 (the "'219 patent"); 6,852,384 (the "'384 patent"); 6,896,947 (the "'947 patent") and 6,905,750 (the "'750 patent").

August 11, 2004 (Dkt. #91), and the denial was affirmed by the United States Court of Appeals for the Federal Circuit (Dkt. #99).

In September 2004, Target commenced an action against the Williams parties in the United States District Court for the Central District of California (Case No. SA-CV-04-1083 DOC), alleging infringement of the '503 patent (Dkt. #149, ¶7). The parties agreed that discovery in that action would also apply to this action (Dkt. #149, ¶11). Discovery is complete in the California action (Dkt. #149, ¶12), and the parties advised at oral argument that the California action is scheduled for trial in July of this year. On February 6, 2007, District Judge David Carter issued a 44-page decision in the California action, in which he analyzed at length the claims of the '503 patent, as well as issues of inequitable conduct and validity of that patent.[4]

On April 20, 2006, Target filed an amended counterclaim and amended third-party complaint (Dkt. #116), adding the Williams parties and Cinram as third-party defendants and alleging infringement of unspecified patents by unspecified products. See, e.g., Dkt. #116, ¶89 ("upon information and belief, third-party defendant Cinram . . . has used the sputtering targets identified in ¶88, and possibly other sputtering targets, to manufacture and/or sell or offer to sell optical storage media that infringe one or more of the Nee Patents"). The pending motions ensued.

## MOTIONS FOR A MORE DEFINITE STATEMENT

---

[4] A copy of Judge Carter's decision was furnished to me in advance of oral argument on March 29, and I take judicial notice of its contents pursuant to Fed. R. Ev. 201(b) and (c).

Under Fed.R.Civ.P. 11, Target was obligated "[b]efore filing counterclaims of patent infringement . . . to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis of a finding of infringement of at least one claim of each patent so asserted." View Engineering Inc. v. Robotics Visions Systems, Inc., 208 F. 3d 981, 986 (Fed. Cir. 2000).  Target should be held to that obligation. "In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing a claim that it had a reasonable chance of proving infringement." Id.

The Williams parties and Cinram  "cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of [their] products are accused.  Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel regardless of their skill and expertise." eSoft, Inc. v. Astaro Corp., No. 06-CV-441, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Col. July 31, 2006).  See also Agilent Techs., Inc. v. Micromuse, Inc., No. 04-CV-3090, 2004 U.S. Dist. LEXIS 20723, at *14 (S.D.N.Y. 2004) ("[C]ourts have considered Rule 12(e) relief appropriate in patent infringement cases where a [party] has failed to identify any allegedly infringing product or products").

Therefore,  it is ORDERED that Target should specifically allege which of its patents it claims to be infringed by which products.  If, upon additional discovery or ascertainment of additional facts, Target subsequently concludes that other patents are infringed by other products, it may seek at that time to amend or supplement its pleadings.

## **MOTIONS TO TRANSFER VENUE**

While a number of factors should be taken into consideration in determining a motion to transfer[5], in the final analysis the decision is committed to the discretion of this Court. "The district court has broad discretion on a transfer motion according to an 'individualized, case-by-case consideration of convenience and fairness'." Bonerb v. The Richard J. Caron Foundation, No. 93-CV-785, 1995 U.S. Dist. LEXIS 20432 at *2-3 (W.D.N.Y. July 31,1995) (quoting VanDusen v. Barrack, 376 U.S. 612, 622 (1964)). "The court must consider both parties and witnesses, and must determine which district provides the most expeditious and inexpensive forum." Fairfax Dental (Ireland) Ltd. v. S.J. Filhol Ltd., 645 F. Supp. 89, 92 (E.D.N.Y. 1986).

### **Threshold Inquiry**

The initial inquiry under 28 U.S.C. §1404(a) is whether the action "might have been brought" in the transferee court. "The phrase 'where it might have been brought' has been interpreted to mean any district in which venue and jurisdiction would have been proper at the time the suit was commenced." Fairfax Dental, supra, 645 F. Supp. at 91. All parties agree that this action might have been brought in the Central District of California, where both Target and

---

[5] These include "(1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded plaintiff's choice of forum, and (9) trial efficiency and the interest of justice", based on the totality of the circumstances. Invivo Research, Inc. v. Magnetic Resonance Equipment Corp., 119 F. Supp. 2d 433, 436 (S.D.N.Y. 2000).

Mr. Nee are located.  Therefore, it is appropriate to consider the other factors affecting the Court's discretion on a motion to transfer venue.

### Convenience of Witnesses, Ability to Compel Attendance of Witnesses, and Access to Sources of Proof

During oral argument, the parties advised that there are only two non-party witnesses, neither of whom is subject to compulsory process in either the Western District of New York or in the Central District of California.  However, the parties did not indicate that there would be any difficulty in procuring the testimony of these witnesses in either venue.  Therefore, "these factors do not weigh for or against transfer" (Dkt. #155, p. 7).

### Convenience of the Parties

The Central District of California is home to Target, Mr. Nee and several of the third-party defendants (Dkt. #148, p. 7).  All parties except Target have joined in the motion for transfer.  Therefore, this factor weighs heavily in favor of granting the motion.

### Locus of Operative Facts

Target argues that "Williams designs and manufactures the sputtering targets that are at issue for each third-party defendant in this district" (Dkt. #152, p. 13).  However, "in a patent infringement action the locus of operative facts is where the allegedly infringing product was designed and developed." Orthoarm, Inc. v. American Orthodontics Corp., No. 01-CV-505, 2002 U.S. Dist. LEXIS 4208, at *4 (W.D.N.Y. February 13, 2002).  Here, the allegedly infringing products are not the sputtering targets sold by Williams, but rather the optical storage

media manufactured and sold by Cinram and the other third-party defendants. Therefore, this factor does not weigh against transfer.

### Relative Means of the Parties

This factor has not been addressed by the parties, and is not an issue on this motion.

### The Forum's Familiarity With the Governing Law

Although Williams has raised certain claims under New York State law, the principal issues in this case relate to the infringement, validity and/or enforceability of Target's patents. "Since patent law is federal law, any district court may handle a patent case with equal skill." Recoton Corp. v. Allsop, Inc., 999 F. Supp. 574, 578 (S.D.N.Y. 1998). Therefore, this factor does not weigh against transfer.

### Plaintiff's Choice of Forum

Target argues that Williams, having initially chosen to commence this action in this district, should not now be allowed to change its mind. However, "the fact that the plaintiff had the original choice of forum does not preclude him from seeking transfer." Fairfax Dental, supra, 645 F. Supp. at 90. "Plaintiff must show that a change in circumstance since the suit was filed warrants a transfer of venue." Id. at 92.

The circumstances have clearly changed since this action was commenced. Target has now alleged infringement of six additional patents, and has added Williams' customers both

as defendants in the California action and, subsequently, as third-party defendants in this action. Target's desire, as third-party plaintiff, to prosecute the third-party claims in this district may be "outweighed by other, more compelling, considerations", Moore v. Teflon Communications Corp., 589 F.2d 959, 968 (9th Cir. 1978), particularly since the Western District of New York is not Target's home forum. Invivo Research, supra, 119 F. Supp. 2d at 439 ("In addition, this is a foreign forum, as Invivo's home forum is located in Florida. Under these circumstances, the plaintiff's choice of forum does not militate against transfer.")

### Trial Efficiency and the Interests of Justice

Target admits that the issues in the California action are related to those in this action.[6] "The pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a change of venue", and this is true whether or not the two actions will eventually be consolidated. Fairfax Dental, supra, 645 F. Supp. at 92. "There is a strong policy favoring litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently . . . and inconsistent results can be avoided." Wyndham Associates v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968), cert. denied 393 U.S. 977 (1968).

At this point, Judge Carter is more familiar than this Court with the issues relative to this technology. Although Target argues that "this court has already addressed the merits of

---

[6] In commencing the California action, Target stated that "this action is also related to a case presently pending in the Western District of New York because the patent claims at issue here are similar to those at issue there" (Dkt. #152, p. 6). The parties' agreement to conduct joint discovery further corroborates the relationship between the two cases. "That both suits involve common issues of law and fact is further demonstrated by the stipulation of all parties . . . that any discovery taken in the Southern District case as to the issue of patent validity may be used in both suits." Fairfax Dental, supra, 645 F. Supp. at 92.

this case and issued a written opinion that Williams is unlikely to prevail" (Dkt. #152, p. 19), that decision, involving a request for preliminary injunction, is of limited effect at this point. "A preliminary determination of likelihood of success on the merits in a ruling on a motion for preliminary injunction is ordinarily tentative, pending a trial or motion for summary judgment . . . . It would therefore be anomalous at least in most cases . . . to regard the initial ruling as foreclosing the subsequent, more thorough consideration of the merits that the preliminary injunction expressly envisons." Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc., 962 F.2d 268, 274 (2d Cir. 1992).

Whether or not these two actions are eventually consolidated for trial, this case is likely to be reached for trial more quickly in California than in this Court (Dkt. #148, p. 9). This factor also weighs in favor of granting the motion for transfer. Wilshire Credit Corp. v. Barrett Capital Management Corp., 976 F. Supp. 174, 182 (W.D.N.Y. 1997).

For all of these reasons, I believe that the interests of justice and the interests of the parties are better served by granting the motions for transfer. Therefore, it is ORDERED that this action shall be transferred to the United States District Court for the Central District of California.

Dated:  Buffalo, New York
         April 16, 2007

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge