UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

WILLIAMS ADVANCED
MATERIALS, INC.,

                              Plaintiff,

                                                    DECISION AND ORDER
        v.                                              03-CV-276-A


TARGET TECHNOLOGY
COMPANY, LLC,

                              Defendant.

═══════════════════════════════════


## INTRODUCTION

        Currently before the Court is an appeal by defendant Target Technology

Company, LLC ("Target"), from an order by Magistrate Judge Jeremiah J. McCarthy

transferring venue to the Southern District of California.  For the reasons stated, the

appeal is granted, Magistrate Judge McCarthy's order is reversed and the motion to

transfer venue is denied.


## BACKGROUND

        There are currently two related lawsuits pending simultaneously in two

different district courts – this action in the Western District of New York ("New York

action") and an action in the Central District of California ("California action").  The issue

before this Court is whether this New York action should be transferred to California.  In

order to address that issue, some background into the relationships of the parties and the procedural history of each case is required.

## A.   The Parties

The key parties to both the New York action and the California action are identical.  Williams Advanced Materials, Inc. ("Williams") is the plaintiff in the New York action and the primary defendant in the California action.  Williams is a New York State corporation with its principal place of business in Buffalo, New York.  Williams is a producer and supplier of metals and metal alloys, including "sputtering targets."  Williams sells its "sputtering targets" to its customers who use them to manufacture Digital Video Discs ("DVDs").

Target is the primary defendant in the New York action and the plaintiff in the California action.  Target is a Delaware corporation with its principal place of business in Irvine, California.  Target is the owner of several patents which are directed to the use of silver-based alloys in the semi-reflective layer of DVDs.

The remaining parties to the lawsuits are the DVD manufacturers who purchase sputtering targets from Williams.  Thirteen of those DVD manufacturers are being sued by Target in this action, and all of them (except one)[1] are also being sued by Target in the California action.[2]

---

[1]  Lightening Media is not named as a defendant in the California action.

[2]  It is also noted that a number of DVD manufacturers named in the California action have not been sued in this action.

Prior to the commencement of litigation proceedings, Target had licensed three of its patents to Williams: United States Patent Nos. 6,007,889 ("'889 patent"), 6,280,811 ("'811 patent") and 6,451,402 ("'402 patent").  Pursuant to that license agreement, Williams produced silver-based sputtering targets and sold those sputtering targets to its customers (DVD manufacturers).  Those DVD manufacturers then used the sputtering targets to create a silver-based semi-reflective layer of a DVD.

While the license agreement was still in effect, Target learned that Williams had developed a new product, "Sil-X".  Target believed that "Sil-X" infringed on its existing patents.  Target contacted Williams's customers and threatened suit if those customers used Sil-X in the manufacture of DVDs.

**B.** **New York Action**

In response to those threats of litigation, Williams brought suit in the Western District of New York in April 2003.  Williams sought a declaratory judgment against Target declaring the three licensed patents and a fourth patent, U.S. Patent No. 6,544,616 ("'616 patent"), invalid and unenforceable.  Williams alleged that Target's patents were anticipated or made obvious by the prior art.  Williams also asserted that Target had engaged in inequitable conduct before the Patent Trademark Office ("PTO") and alleged unfair competition under the Lanham Act and New York's General Business Law.  Target brought counterclaims against Williams for patent infringement and breach of the license agreement.

Fearing that Target's threats of infringement would harm its business,

Williams also moved for a preliminary injunction to enjoin Target from bringing suit

against its customers.  On August 12, 2004, this Court denied Williams's motion for a

preliminary injunction.[3]  The case was then referred to Magistrate Judge Jeremiah J.

McCarthy[4] for pretrial proceedings.


**C.      The California Action**

While this action was pending in New York, Target was prosecuting U.S.

Patent No. 6,790,503 ("the '503 patent") before the PTO.  The '503 patent also relates

to the use of silver-based alloys in the manufacture of DVDs, and was developed from

the continuing application of Target's first patent, the '889 patent.  The '503 patent

issued on September 14, 2004.  On that same date, Target brought suit against

Williams and twenty-one of its customers in the Central District of California alleging

infringement of the '503 patent.  In its complaint, Target advised the California District

Court that the action was related to the instant proceeding in the Western District of

New York.  Despite Target's clear recognition of the relatedness of both proceedings,

Target chose to commence litigation concerning the '503 patent in California, as

opposed to consolidating it with the then-pending New York action.  Williams did not

_____

[3] That order was affirmed by the Court of Appeals for the Federal Circuit on August 3, 2005, without opinion.

[4] The matter was initially referred to Magistrate Judge H. Kenneth Schroeder, Jr., but later transferred to Magistrate Judge McCarthy.

move to transfer the California case to New York.  Instead, the parties proceeded with

extensive discovery in the California action, followed by dispositive motions.

**D.      Motions to Transfer**

On June 20, 2006, Target filed a third-party complaint in the New York

action against thirteen of Williams's customers alleging infringement of the four patents

initially at issue in that litigation (the '889 patent, the '811 patent, the '402 patent, and

the '616 patent), the '503 patent which is at issue in the California action, and five

additional patents:  U.S. Patent Nos. 6,764,735; 6,841,219; 6,852,384; 6,896,947 and

6,905,750 (collectively, the "Target patents").  Target alleges that each of the third-party

defendants has infringed "one or more" of its ten patents.  With the exception of one

entity, all of the third-party defendants in the New York action were already being sued

by Target in the California action.[5]  Five of those thirteen defendants are located in

California, the remaining eight are dispersed throughout the United States and Canada.

On November 10, 2006, third-party defendant Cinram International, Inc.

("Cinram"), filed a motion in the New York action to transfer venue to the Central District

of California.  On that same date, Williams moved to join in that motion on behalf of

itself and all of the third-party defendants.  Target opposed the motion.  On April 16,

2007, Magistrate Judge McCarthy issued an order granting the motion to transfer

---

[5] As stated *supra* note 1, Lightening Media is named as a third-party defendant in the New York action but is not named as a defendant in the California action.

venue.  Target appealed the transfer order to this Court and on June 15, 2007, the

Court heard oral argument on the appeal.[6]

        In the meantime, on February 6, 2007, United States District Judge David

O. Carter, who is presiding over the California action, filed a decision and order denying

motions for summary judgment in the California action and scheduled trial for June 11,

2007.  On May 7, 2007, one month before trial was scheduled to commence, Target

filed a motion to transfer the California action to the Western District of New York.  On

May 25, 2007, Judge Carter issued an order delaying resolution the transfer motion

pending this Court's ruling on Target's appeal.[7]

## DISCUSSION

        An order to change venue is a non-dispositive order that is reviewed

under a "clearly erroneous or contrary to law" standard.  See 28 U.S.C. § 636(b)(1)(A);

Fed.R.Civ.P. 72(a); Hirsch v. Zavaras, 920 F. Supp. 148, 150 (D. Colo. 1996); Pemrick

v. Stracher, No. 90-CV-849, 1992 WL 697636 (N.D.N.Y. Mar. 27, 1992).  A magistrate

judge's order is "clearly erroneous" where "'on the entire evidence,' the [district court] is

'left with the definite and firm conviction that a mistake has been committed.'"  Easley v.

---

[6] Following argument, Cinram moved to submit a supplemental motion addressing some of the issues raised by the Court.  That motion is granted and the Court has considered the arguments made in that filing.  However, for the reasons stated herein, the Court finds those arguments unpersuasive.

[7] Judge Carter also adjourned trial to August 2008 following his decision to permit intervention by Sony DADC, U.S., Inc.

Cromartie, 532 U.S. 234, 243 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Target argues that Magistrate Judge McCarthy erred when he determined that transfer was warranted under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

See 28 U.S. C. § 1404(a).

In considering a motion to transfer venue under § 1404(a), the threshold inquiry is whether the action could have been brought in the transferee district.  Id.  See also In re Hanger Orthopedic Group, Inc. Sec. Lit., 418 F. Supp. 2d 164 (E.D.N.Y. 2006).  If that requirement is met, the Court should consider the following factors to determine whether the convenience of the parties or the interests of justice weigh in favor of transfer:  (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.  See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006); see also Invivo Research, Inc. v. Magnetic Resonance Equipment Corp., 119 F. Supp. 2d 433, 436 (S.D.N.Y. 2000) (listing additional relevant factors).  Motions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis.  In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992); Linzer v. EMI Blackwood Music Inc., 904 F. Supp. 207,

216 (S.D.N.Y.1995).  The moving party bears the burden of demonstrating that transfer

is warranted.  <u>Invivo Research, Inc,</u> 119 F. Supp. 2d at 436.


**A.      First-to-File Rule**

The Magistrate Judge correctly determined that the threshold requirement

was met as this action could have been brought in the Central District of California.  He

also identified the factors relevant to a motion to transfer under § 1404.  However, the

Magistrate Judge erred in failing to address the applicability of the "first-to-file" rule.

The "first-to-file" rule provides that where two courts have concurrent

jurisdiction over an action involving the same parties and the same issues, the court

where the action was "first filed" has priority over the second action.  <u>See</u> <u>D.H. Blair &</u>

<u>Co.,</u> 462 F.3d at 106; <u>City of New York v. Exxon Corp</u>., 932 F.2d 1020, 1025 (2d Cir.

1991); <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.,</u> 860 F. Supp. 128, 131

(S.D.N.Y. 1994).  It is a rule of judicial economy that creates a "strong presumption in

favor of the forum of the first-filed suit."  <u>800-Flowers</u>, 860 F. Supp. at 132.  A party

seeking to overcome the presumption must show that "there are special circumstances

which justify giving priority to the second action."  <u>Exxon Corp.</u>, 923 F.2d at 1025

(internal quotation omitted).

The first-to-file rule applies when there is substantial overlap between the

two competing cases in that they have "'identical or substantially similar parties and

claims.'"  <u>See</u> <u>In re Cuyahoga</u>, 980 F.2d at 116-17.  There can be no doubt that there is

a substantial overlap between the two actions at issue.  Both actions involve the same

key parties and issues.   Both actions involve allegations of patent infringement by

Target against Williams, and allegations of patent invalidity by Williams against Target.

While only one patent is at issue in the California action, the New York action involves

that same patent, plus nine others.   All ten patents are part of the same patent family.

Movants concede that the claims and defenses in both actions are "related, and in

some instances, . . . identical."   <u>See</u> Decl. of Tonia A. Sayour, Dkt. 149, at ¶ 10.   They

also agree that discovery obtained from one lawsuit is relevant to the other.   Because

both actions involve "identical or substantially similar parties and claims," it is clear that

the presumption created by the first-to-file rule applies.

Cinram argues that the Court should treat the California action as the "first

filed" dispute because that is the action in which it (Cinram) was first sued.   The Court

rejects this creative but unsupported legal theory.   The first-to-file rule relates to where

the actual dispute was first filed, not where a particular party was first brought into the

litigation.   <u>See</u> <u>Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.</u>, 342 U.S. 180, 182-83

(1952) (affirming a stay of a second-filed action even though the plaintiff in second suit

was not joined as a defendant in first-filed action until after second suit was initiated).   It

is the date where the action between the primary parties was first filed that governs, not

the date on which the movant first became a party to the litigation.   <u>See</u> <u>In re Com21,</u>

<u>Inc</u>,. 357 B. R. 802, 807 (Bankr. N. D. Cal. 2006).   Accordingly, the fact that Cinram was

first sued in the California action is of no consequence for the purposes of the first-to-

file rule.

By failing to give proper consideration to the first-to-file rule, Magistrate Judge McCarthy committed clear error.  Properly applied, the rule creates a "strong presumption" that the case should remain in this District, where the dispute between Williams and Target was first filed.

**B.      Special Circumstances and the Balance of Convenience**

To overcome the strong presumption of priority in favor of this District, movants must show that special circumstances exist or that the balance of convenience favors giving priority to the California action.  See Country Home Products, Inc. v. Schiller-Pfeiffer, Inc., 350 F. Supp. 2d 561, 569-570 (D. Vt. 2004).

The Second Circuit has identified two situations where special circumstances have been found sufficient to justify a departure from the first-filed rule of priority.  The first is the so-called 'customer action' where the first-filed suit is against a customer of the alleged infringer while the second suit involves the infringer himself. See William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969).  That exception is clearly inapplicable as Williams brought this suit against Target in part to *avoid* having its customers sued.

The second special circumstance occurs "where forum shopping alone motivated the choice of the situs for the first suit."  Id.  The Court has no information to suggest that forum shopping motivated Williams's decision to initiate litigation in this District.  However, for the reasons discussed below, the Court finds that the instant motion to transfer is motivated by improper forum shopping.  Therefore, not only does

this circumstance fail to overcome the presumption of priority in favor of this District, it actually provides further support for maintaining priority here.

The moving parties argue that transfer is warranted because a "balance of convenience" favors giving priority to the California action.  To determine whether the balance of convenience warrants a departure from the first-filed rule, the court applies the same factors as in deciding whether transfer is appropriate under 28 U.S.C. § 1404(a).  See Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp. 2d 505, 514 (S.D.N.Y. 2004).

The Magistrate Judge found that the convenience of the parties weighed in favor of transfer because all of the parties, except Target, had joined in the motion to transfer this litigation to California.  The Court finds that this conclusion was clearly erroneous.  The issue is not where the parties *subjectively desire* to litigate this case, but rather, whether the proposed transferee forum is more convenient than the forum where the case was first filed.

New York is clearly the more convenient forum for Williams and Cinram.  Williams is located in this District, and Cinram is a Canadian company with its principal place of business in Olyphant, Pennsylvania.[8]  Nevertheless, Williams and Cinram both seek transfer to California.  Recognizing that they cannot seriously contend that California is a more convenient forum for *them*, Cinram and Williams instead argue that California is the more convenient forum for *Target* and many of the *other* third-party

---

[8] Cinram's Canadian operations are based out of Toronto, Ontario, approximately 90 miles from Buffalo, New York (where this Court sits).  Olyphant, Pennsylvania is located outside Scranton, Pennsylvania, approximately 280 miles from Buffalo, New York.

defendants.  Ironically, Target, who is located in the proposed transferee district, opposes the motion to transfer venue to a forum that is more convenient for it.

The irony of the parties' respective positions, when viewed in conjunction with the rulings issued from both courts, leads the Court to only one conclusion – Williams, Cinram and Target are seeking to engage in forum shopping.  Target wants the case to remain here because this Court has previously issued a preliminary injunction ruling favorable to it, whereas Williams and Cinram want the action transferred to California where Target has received unfavorable rulings.  "The purpose of § 1404(a) is not to allow judge-shopping by litigants."  Betts v. Atwood Equity Co-op. Exchange, Inc., No. 88-4292-R, 1990 WL 92495, at *1 (D. Kan. Jun. 13, 1990).  While the motion is being made under the pretense that it is more convenient for the moving parties, the true motivation behind it is "judge-shopping."  This is clear the from the fact that California is not more convenient for Williams, Cinram or a majority of the third-party defendants,[9] yet all of them have joined in the motion to transfer citing convenience as the motivation.  See William Gluckin & Co, 407 F.2d at 178 (observing that forum shopping may be inferred where the reasons for choice are "wholly frivolous").  The Court also notes that the request to join in Cinram's motion was filed by Williams on behalf of itself and all of its customers.  To the extent that Williams is litigating this case on behalf of those third-party defendants, it would appear that New York – where Williams is located – is the more convenient forum.  Not only have the movants failed to show that the balance of convenience tips in their favor, but their

---

[9]  Eight out of the thirteen third-party defendants are not located in California.

obviously improper motivations provide an adequate basis for denying the motion in its entirety.

Nor do any of the remaining § 1404 factors favor transfer.  With regard to the plaintiff's choice of forum, although Williams's initial decision to litigate in this District is entitled to "substantial weight," see Toy Biz, Inc. v. Centuri Corp., 990 F. Supp. 328, *330 (S.D.N.Y.1998) ("The plaintiff's choice of forum is to be given substantial weight and should not be disturbed unless the balance of convenience and justice weigh heavily in favor [of transfer] . . . especially where, as here, plaintiff's chosen forum is its principal place of business."), its newly-acquired desire to litigate in a foreign forum is accorded much less deference, see Invivo Research Inc., 119 F. Supp. 2d at 438 (holding that the plaintiff's choice of forum is given less deference when the plaintiff is a nonresident and the operative facts bear little connection to that forum).

As to the convenience of the witnesses and the ability to compel their attendance, the parties have indicated that there are only two non-party witnesses, neither of whom is subject to compulsory process in the Western District of New York or the Central District of California.  Therefore, this factor does not weigh in favor of transfer.

Nor does the location of operative facts favor transfer.  In a patent infringement action, the locus of operative facts is where the research, design and development of the infringing product occurred.  Invivo Research Inc., 119 F. Supp. 2d at 439.  The Magistrate Judge found that the locus of operative facts was in California, where some of the DVD manufacturers are located.

13

Although some of the DVD manufacturers are located in California, many are not.  In fact, only five of the thirteen third-party defendants are located in California.  The rest are dispersed throughout the United States and Canada.  Because there is no single location where all of the infringing DVDs are manufactured, this factor does not weigh in favor of transfer.

More importantly, the locus of operative facts in this case is New York.  Although the infringing end-product is a DVD containing a semi-reflective layer made of a specific silver alloy,  it is the silver alloy that makes infringement possible.  That silver alloy is derived from sputtering targets that were researched, designed and developed by Williams in this District.[10]

In sum, the Court finds that there are no special circumstances and that a balance of convenience does not weigh in favor of transferring this action to California.  Movants have simply failed to overcome the strong presumption of priority created by the first-to-file rule.  Further, even if the balance of convenience tipped slightly in favor of transferring this action, the Court would decline to do so as the motion is obviously motivated by improper judge-shopping.

---

[10]  Some of the operative facts also may have occurred in Indiana, since that is the location where Target's owner, Han Nee, appears to have conceived of the invention.  See Invivo Research, Inc., 119 F. Supp. 2d at 439 ("Operative facts in a patent infringement action include facts relating to the design, development, and production of a patented product."). This is not to suggest that Indiana is a more appropriate forum, but rather to demonstrate the lack a strong nexus with California.

C.      **Change in Circumstances**

   Finally, movants argue that a "change in circumstances" justifies transferring this case to California.  They argue that discovery largely has been completed in that California action and that transfer of this action to California will permit the entire matter to be tried much earlier than if the case were to remain in this District.

   The Court rejects that argument.  At the outset, the Court notes that the posture of the California case has changed even since this motion was filed.  Although trial was initially scheduled to commence in June 2007, it has been adjourned to August 2008 following Judge Carter's decision to permit intervention by Sony DADC U.S., Inc. Movants' argument regarding completion of discovery in the California case is unpersuasive given their concession that the same discovery material pertains to both actions.  Furthermore, while the Court recognizes that the California litigation is farther along, it is important to recognize that the California action involves only one patent, whereas the New York action involves that same patent, plus nine others.  Transferring this larger action to California would certainly disrupt the proceedings in that case. There is simply no reason to believe that litigation relating to the entire ten patents would conclude any more quickly in California than New York.  The movants' speculative assertion to the contrary provides an insufficient basis disrupting the "first-to-file" rule.[11]

---

   [11] In fact, it is very possible that in the interests of judicial economy, Judge Carter mayl grant Target's pending motion to transfer the California action here.

**<u>CONCLUSION</u>**

Upon review of the relevant factors and after considering the totality of circumstances in this case, the Court finds that Magistrate Judge McCarthy's decision to transfer venue was clearly erroneous and contrary to law.  Accordingly, the motion to change venue is denied.[12]  The parties are directed to appear on September 20, 2007 at 9:00 a.m. for a status conference.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  August 1, 2007

_____

[12]  There has been no appeal of Magistrate Judge McCarthy's order granting motions for a more definitive statement as to which patents are infringed by which products.  Accordingly, that portion of Magistrate Judge McCarthy's April 16, 2007 order remains intact.